UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 3:26-cr-00090-KDB |
| v. | ) | |
| | ) | **FACTUAL BASIS** |
| JACOB LAWSON | ) | |
| | ) | |

NOW COMES the United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1.      The defendant, JACOB LAWSON, was a resident of Reidsville, North Carolina.

2.      The Identity Theft Victims resided in various states throughout the United States.

3.      UMB Bank, Commerce Bank, U.S. Bank, and First Security Bank, and First Arkansas Bank and Trust (collectively, the "Victim Financial Institutions") were financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation.

4.      From no later than July 2021 through at least April 2025, LAWSON conspired with Cordara Mattox ("Mattox"), charged elsewhere, and others known and unknown to the United States Attorney to operate a fraud scheme to obtain money under the custody and control of various financial institutions through false and fraudulent pretenses and representations. LAWSON and his co-conspirators carried out the conspiracy in the Western District of North Carolina and elsewhere.

5.      LAWSON did knowingly combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, to commit offenses against the United States, to wit, financial institution fraud, in violation of Title 18, United States Code, Section 1344(2).

6.      It was the object of the conspiracy that LAWSON, and others known and unknown to the United States Attorney, devised and executed a scheme to obtain moneys owned by, and in the custody or control of, one or more financial institutions, whose deposits were insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent representations and promises.

7.      As part of the conspiracy, LAWSON and his co-conspirators generally operated as follows:

      a.   LAWSON, Mattox, and their co-conspirators obtained the personal identifying information ("PII") and banking information of the Identity Theft Victims.

      b.   Mattox called financial institutions and impersonated the Identity Theft Victims to request replacement debit and credit cards, which were subsequently shipped to the Western District of North Carolina.

      c.   LAWSON and Mattox obtained the Identity Theft Victims' debit and credit cards and used them to conduct unauthorized transactions, including purchasing gift cards at retail stores and withdrawing funds at ATMs in the Western District of North Carolina.

8.      For example:

      a.   On or about December 16, 2024, Mattox called UMB Bank and impersonated Victim J.P. to request a new debit card, which was subsequently shipped to Charlotte, North Carolina. Between approximately December 19, 2024 and January 16, 2025, LAWSON and Mattox used Victim J.P.'s debit card without authorization to conduct transactions at retail stores in the Western District of North Carolina totaling more than $260,000.

      b.   On or about April 5, 2025, Mattox called Commerce Bank and impersonated Victim M.L. to request a new debit card, which was subsequently shipped to Charlotte, North Carolina. Between approximately April 8, 2025 and April 22, 2025, LAWSON and Mattox used Victim M.L.'s debit card without authorization to conduct transactions at retail stores in the Western District of North Carolina totaling more than $11,000.

9.      The loss associated with the conspiracy exceeded $650,000.

10.     The offense involved more than 10 victims.

2

11.     LAWSON knowingly and willfully joined the conspiracy with an intent to further its criminal objects and purposes.


RUSS FERGUSON
UNITED STATES ATTORNEY


_____
ERIC A. FRICK
SPECIAL ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant.  Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement.  I hereby certify that the defendant does not dispute this Factual Basis.


_____          DATED: 04-23-26
Timothy J. Pavone, Attorney for Defendant

3